STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                         DOCKET NO. CV-15-95


JOSEPH L. SOLEY,

                Plaintiff


        v.                                          **TEMPORARY
                                                  RESTRAINING ORDER**

                                                  **(Injunctive Relief Requested)**

GOLDEN SANDS CONDOMINIUM
ASSOCIATION,

                Defendant


        The Court has had an opportunity to carefully review the Motion for Temporary Restraining Order of Golden Sands Condominium Association along with its incorporated materials. The Court also had an opportunity to re-review the materials that were submitted in its denial of Joseph Soley's request for a competing Temporary Restraining Order. After review of all these materials, the Court concludes that a Temporary Restraining Order on behalf of Golden Sands Condominium Association shall issue for these reasons.

        1.    It appears from the materials submitted by the Association that time is of the essence in proceeding with the construction and repairs to the Golden Sands Condominium, and immediate and irreparable harm given that property rights and the rights to use the condominium during the course of the summer months will have resulted to the Association if immediate relief is not granted.

        2.    That injury would outweigh any harm to the plaintiff because this order maintains the status quo of ongoing repairs, and to the extent that any claims for bad faith or unnecessary expenditures made by Mr. Soley are successful monetary readjustment can be made by virtue of a damages award.

3.    The Court denied Mr. Soley's request for a Temporary Restraining Order because the affidavits and materials submitted were not sufficient to establish a likelihood of success on the merits, especially with respect to the issue of bad faith. However, a review of Golden Sands Condominium Association materials indicates a likelihood of success on the merits given the nature and extent of its investigation, and the application of the Golden Sands Condominium Association considered business judgment.

It is therefore the order of the Court that:   **Joseph L. Soley is enjoined from any harassing communication with any of the workers on the current renovation project at the condominiums.   He is further enjoined from any other activity, which interferes with the current renovation project.   Mr. Soley is also ordered to provide access to his Condominium Unit 7D to the Association and its agents and employees, including workers conducting the ongoing renovations, at a reasonable time specified by the Association so that the work relating to the current renovation project can be performed.**

As the parties are aware this Court (*O'Neil, J.*) has evaluated two competing requests for a Temporary Restraining Orders.   The rules authorize expedited access to court for contested hearings on the issue of the preliminary injunction and dissolution of a Temporary Restraining Order.   However, this Court (*O'Neil, J.*) will be involved in the homicide trial of *State of Maine v. Derek Poulin* extensively over the next two weeks. Accordingly, any such hearing may be done by any available Judge/Justice.

Dated:   June 4, 2015

_____
John H. O'Neil, Jr.
Justice, Superior Court

2

CV-15-0095

ATTORNEY FOR PLAINTIFF:
ANDRE J HUNGERFORD
HUNGERFORD LEGAL
P O BOX 7584
PORTLAND ME  04112


ATTORNEY FOR DEFENDANT:
BRENDAN RIELLY
JENSEN BAIRD ET AL
P O BOX 4510
PORTLAND ME  04112